IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00701-BNB

DENNIS ALLEN WYLES,

    Plaintiff,

v.

JOHN P. LEOPOLD,
CAROL A. CHAMBERS,
JUSTIN BOGAN, and
JULIE CLARK,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 2 8 2008

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Dennis Allen Wyles, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the San Carlos Correctional Facility in Pueblo, Colorado. Plaintiff has filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983. The Court must construe the Complaint liberally because Mr. Wyles is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Wyles will be ordered to file an Amended Complaint.

Mr. Wyles' claims for the most part challenge the denial of a Colo. R. Crim. P. 35(c) postconviction motion the he filed recently in the Arapahoe County District Court in the State of Colorado Criminal Case No. 89CR1364. In Claim Two, however, Plaintiff appears to assert a claim of inadequate treatment of a medical condition. Mr. Wyles

seeks injunctive and equitable relief. For the reasons stated below, Mr. Jackson will be ordered to file an Amended Complaint.

The Court has reviewed the Complaint filed by Mr. Wyles and finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Wyles fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Plaintiff's claims are convoluted and border on being delusional. Although it appears, as stated above, that Plaintiff is challenging the denial of the Rule

35(c) postconviction motion he filed in state court and the inadequate treatment he is receiving for a medical condition, Plaintiff further, throughout the Complaint, refers to terms such as "Sonar assaults," "Pennypress.com," and "Joint Activity Theory (666)." Plaintiff also has attached copies of word puzzles that he has finished and which he claims provide messages to him from people who are trying to harm him. Plaintiff also contends that he has contacted the FBI to investigate schemes against him that endanger his life. Plaintiff's statements appear to be delusional.

Therefore, Mr. Wyles will be directed to file an Amended Complaint that complies with the pleading requirements of Rule 8. Plaintiff is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and the Defendants to know what claims are being asserted and to be able to respond to those claims

With respect to any claims that Plaintiff sets forth regarding the denial of the Rule 35(c) postconviction motion in his state criminal case, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, after he has exhausted state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973). The Court will not consider the merits of any habeas corpus claims in this action.

Plaintiff should also take note that a public defender who performs a lawyer's traditional function as counsel to a defendant in a criminal proceeding is not acting "under color of state law" for purposes of § 1983 and is an improper party in a § 1983 action. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Furthermore, a judge is absolutely immune from liability in civil rights suits when he is acting in his judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435

U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994).

Also, a prosecutor is subject to immunity from suit under § 1983 for his participation in

Plaintiff's prosecution and conviction for the traffic violations. *See Imbler v. Pachtman*,

424 U.S. 409, 420-24 (1976).

Mr. Wyles does not allege how any of the named Defendants are responsible for

violating his Eighth Amendment rights with respect to his medical claim. Plaintiff must

assert each Defendant's personal participation in the alleged constitutional violations.

Personal participation is an essential allegation in a civil rights action. *See Bennett v.

Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation,

the plaintiff must show that each defendant caused the deprivation of a federal right.

*See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative

link between the alleged constitutional violation and each defendant's participation,

control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d

1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because

of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469,

479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Plaintiff is instructed that "to state a claim in federal court, a complaint must

explain what each defendant did to him or her; when the defendant did it; how the

defendant's action harmed him or her; and, what specific legal right the plaintiff believes

the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158,

1163 (10th Cir. 2007). Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Mr. Wyles file an Amended Complaint that complies with the Order. It is

FURTHER ORDERED that the Amended Complaint shall be titled "Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Wyles, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Amended Complaint. It is

FURTHER ORDERED that if Mr. Wyles within the time allowed fails to file an Amended Complaint that complies with this Order, to the Court's satisfaction, the Complaint and the action will be dismissed without further notice.

DATED April 28, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00701-BNB

Dennis Allen Wyles
Prisoner No. 63317
San Carlos Corr. Facility
1410 W. 13th Street
PO Box 3
Pueblo, CO 81002

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 4/28/08

GREGORY C. LANGHAM, CLERK

By: /s/ Andrea
      Deputy Clerk