IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 0 6 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-00701-BNB

DENNIS ALLEN WYLES,

    Plaintiff,

v.

JULIE CLARK,

    Defendant.

## ORDER OF DISMISSAL

Plaintiff Dennis Allen Wyles is in the custody of the Colorado Department of Corrections and currently is incarcerated at the San Carlos Correctional Facility in Pueblo, Colorado. On April 1, 2008, Mr. Wyles submitted to the Court a *pro se* Prisoner Complaint alleging that his constitutional rights have been violated under 42 U.S.C. § 1983 and 28 U.S.C. § 1343. On April 28, 2008, Magistrate Judge Boyd N. Boland entered an order directing Plaintiff to file an Amended Complaint. In the April 28, 2008, Order Magistrate Judge Boland instructed Mr. Wyles to amend his Complaint in keeping with Fed. R. Civ. P. 8 and to state how Defendants violated his Eighth Amendment rights with respect to his medical claim. Plaintiff also was instructed to assert personal participation by each named Defendant. On May 5, 2008, Plaintiff filed an Amended Complaint.

The Court must construe the Amended Complaint liberally because Mr. Wyles is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which [a] plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *See id.*

Mr. Wyles has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Under § 1915(e)(2)(B)(i), a court must dismiss a complaint at any time if the claims asserted are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the Amended Complaint and action as legally frivolous.

Overall, Mr. Wyles alleges that in violation of his Eighth Amendment rights and 18 U.S.C. § 1512, Defendant Julie Clark refuses to provide him with a "Release of Medical Records Information" form so that he may obtain the correct spelling of the doctors' names who performed surgery on him and caused the medical condition from which he now suffers. Plaintiff further asserts that he needs the correct spelling of the names so that he may file a complaint with the State Board of Medical Examiners

2

against the doctors. Mr. Wyles seeks injunctive relief. Plaintiff also asserts that he has exhausted his administrative remedies.

The Eighth Amendment prohibits prison officials from being deliberately indifferent to the serious medical needs of prisoners in their custody. *See Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Mr. Wyles' factual allegations will not support a claim of deliberate indifference with respect to his allegation that Defendant Clark will not provide him with a medical release form. Plaintiff does not allege that Defendant Clark is responsible for causing the medical condition from which he now suffers. Even if Defendant Clark intentionally is denying Plaintiff a medical release form, Plaintiff does not assert that she knows he will face a substantial risk of serious harm unless she gives him the medical release forms. Although Plaintiff asserts that Defendant Clark is ignoring Plaintiff's medical remedy, the Court finds no relationship between Defendant Clark's refusal to provide Plaintiff with a medical release form and Plaintiff's alleged need for a medical remedy. Furthermore, the Court knows of no constitutional right by a prisoner to access his medical records for the purpose of assisting him in filing a medical malpractice claim with the state medical board.

As for Mr. Wyles' reliance on 18 U.S.C. § 1512, Plaintiff fails to invoke the language of the statute, and he fails to assert any facts that would give rise to a claim

3

under the statute. Therefore, Mr. Wyles' claims will be dismissed as legally frivolous. Accordingly, it is

ORDERED that the Complaint and the action are dismissed as **legally frivolous** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this 5 day of June, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00701-BNB

Dennis Allen Wyles
Prisoner No. 63317
San Carlos Corr. Facility
1410 W. 13th Street
PO Box 3
Pueblo, CO 81002

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/6/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk